## OPHELIA  BUCHANAN  v.  MARO  GIBBS.

IGNORANCE *of Contents of Contract.*  Where a party voluntarily signs and delivers an instrument affecting the property claims of others, and thereafter seeks to repudiate. such instrument on the ground of ignorance of its contents or imposition by a third party, the fact of such ignorance or imposition should be made to clearly appear before such instrument is declared invalid.

### *Error from Johnson District Court.*

AT the June Term, 1881, of the district court, defendant *Gibbs* had judgment against plaintiff *Buchanan,* who has brought the case here.  The nature of the action, and the facts, appear in the opinion.

*Burris & Little,* for plaintiff in error.

*Jno. A. Rankin,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The single question in this case is, whether this court, upon review of the facts shall reverse the decision of the district court.  The facts are these: In 1879, George Buchanan, who lived upon and owned about 200 acres of land in Johnson county, Kansas, died, and left as his widow and sole heir, Ophelia Buchanan, plaintiff in error.  After his death, his last will was duly probated in the probate court. By such will he left his entire property to Maro Gibbs, defendant in error, the son of his wife by a former husband. Under the statute, one Isaac Trembly, a justice of the peace, was appointed to obtain the decision of the widow, who, on account of her age and infirmities, was unable to appear personally in court, as to whether she would accept or reject the will.  In pursuance of this appointment he went to the residence of said plaintiff in error, and there obtained from her a certificate of acceptance, which certificate she signed in the presence of witnesses.. Thereafter she brought this action to repudiate such acceptance, and claiming the property as heir,

the will to the contrary notwithstanding. The single question is, whether said widow, with full knowledge, signed such acceptance, and that is purely a question of fact. The ordinary rule, ofttimes asserted by the decisions of this court, is, that it will not disturb the decision of a tribunal trying the facts, whenever there appears fair and competent testimony sustaining such decision. In this case we think that there was not only such testimony, but that the preponderance of the testimony was with the decision of the district court. That the plaintiff signed the acceptance, that two witnesses were called in to witness her signature, and that the acceptance, so duly signed and witnessed, was filed in the probate court, she does not question; but she testifies that such acceptance was not read over to her, that she could not read and did not know its contents, and would not have signed such paper had she known what it contained. In support of this, is simply her testimony and that of the two witnesses, that after they were called in to witness her signature, the instrument was not read to her, nor anything said to her about its contents. On the other hand, there is the testimony of the justice of the peace, that when he took the instrument to her he read it over to her, explained fully to her its contents, and her rights under the law;. that thereupon she expressed a willingness to sign it, and he went out and procured two witnesses, who were neighbors, to come in and witness her signature. In support of this was the testimony of the defendant and one witness, apparently disinterested, to the effect that the plaintiff admitted that she had released all claims to the property to her son ; and the testimony of still another witness, that she did not want the property to go to any other person than her son. This was all the testimony in the case. While it appears that the plaintiff was old, (71 years of age,) was weak, feeble, and ignorant, yet it does not appear that her mental powers had failed; and as a question of fact that she with full knowledge signed this acceptance, is supported by the weight of the testimony. Further than that, when a party affixes a signature to a legal instrument affecting rights, and the fact

of the signature is admitted, it should clearly appear, and generally by something more than the mere testimony of the party interested and signing, that such signature was obtained in ignorance of the contents of the instrument signed, and by some undue representations or influence. Parties may not sign papers affecting rights, and then lightly repudiate the act. The very fact of the signature carries some evidence that it was voluntarily and knowingly signed, and there should be something like satisfactory evidence of ignorance or imposition before such instrument can be repudiated. (*Roach v. Karr,* 18 Kas. 529.) Such satisfactory evidence is not in this case. The preponderance of the testimony as it appears in the record upholds the decision of the district court, and it must be affirmed.

All the Justices concurring.