| 73 | 291 |
| 75 | 304 |
| 75 | 746 |
| .73 | 291 |
| f76 | 149 |
| 73 | 291 |
| f80 | 24 |
| d80 | 326 |

THE DEMING INVESTMENT COMPANY v. B. F. WALLACE *et al.*

No. 14,536.     (85 Pac. 139.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Fraud—Parol Testimony*. Parol testimony is competent for the purpose of proving fraud and misrepresentation in procuring the execution of a promissory note, where fraud is pleaded as a defense.

2. ——— *Negotiable Instruments—Consideration*. Between the original parties to a bill or note the consideration may always be inquired into.

Error from Jewell district court; RICHARD M. PICK-LER, judge. Opinion filed March 10, 1906. Affirmed.

*E. P. Hotchkiss,* for plaintiff in error.

*D. L. Palmer, J. C. Postlethwaite,* and *Robert C. Postlethwaite,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: Plaintiff in error brought this suit to foreclose a mortgage securing two notes, each for $500. Defendants claimed that the indebtedness amounted to only $500, and that the second note was without consideration. The case was tried by the court without a jury, and, from a judgment in favor of defendants as to the second note, plaintiff brings this proceeding in error.

Plaintiff negotiated a loan of $10,000 for ten years on defendants' farm, and claimed that these notes were given as a commission of one per cent. that had been agreed upon. Defendants claimed that the commission agreed upon was one-half of one per cent., or $500, and that they were induced to sign the two notes by false and fraudulent representations of plaintiff's agents. It appears from the evidence that three sets of papers were made out and executed, the first and second being destroyed on account of errors. Defendant B. F. Wallace testified that the agents of plaintiff came to his farm during harvest, when he was busily engaged with a number of men in his field, and informed him that it was necessary to execute new papers which they had prepared; that the notary they had brought with them was sick at his house, and they urged him to attend to the matter at once; that he quit work and went to the house, where he and his wife signed the papers, including these commission notes, without examination, relying upon the representations of the agents that the papers were all exactly the same as the ones previously executed, and believing that these notes were each for $250, which he claims was the amount of the former

commission notes. It was stated in the answer that defendants signed the notes upon the representations of the agents of plaintiff that the notes were exactly alike the former notes in amounts; that these representations were false and fraudulent, and were made for the purpose of inducing defendants to sign them; and that the representations were relied upon by defendants as true.

The first complaint is that there was error in the admission of parol testimony to contradict the terms of a written contract. In the cases cited by plaintiff in error from this court it was expressly stated that no fraud or misrepresentation was relied upon. It is always competent to show by parol evidence that a contract was obtained by fraud, where fraud or misrepresentation is pleaded as a defense. The rule that oral representations and inducements preceding or contemporaneous with the agreement are merged in the writing is subject to the exception that if the representations amount to fraud which avoids the written contract they are not merged therein, and parol evidence is admissible to show the fraud. (*Brook v. Teague,* 52 Kan. 119, 123, 34 Pac. 347; *McKinney v. Herrick,* 66 Iowa, 414, 23 N. W. 767; Greenl. Ev., 16th ed., § 284; Browne, Parol Ev. § 79.) In *Brook v. Teague, supra,* it was said: "Parol evidence is admissible as between the original parties to a negotiable note to show fraud, and so as to third parties with notice or without having paid value." Between the original parties to a note or bill the consideration may always be inquired into. (*Blood v. Northup and Chick,* 1 Kan. 28; *Miller v. Brumbaugh,* 7 Kan. 343; *Dodge v. Oatis,* 27 Kan. 762; 4 A. & E. Encycl. of L. 196.) There was no error, therefore, in admitting parol testimony to show the actual consideration and for the purpose of proving the alleged misrepresentation and fraud.

It is argued that as defendants were able to read it was negligence for them to sign a note without knowing its contents, and that by their negligence they are es-

topped. The case of *Burroughs v. Pacific Guano Co.,* 81 Ala. 255, 258, 1 South. 212, is in point. The court there said:

"Where a person signs an instrument without reading it, or if he cannot read, without asking to have it read to him, the legal effect of the signature cannot be avoided by showing his ignorance of its contents, in the absence of some fraud, deceit, or misrepresentation having been practiced upon him. But the rule is otherwise, and the instrument will be held void, where its execution is obtained by a misrepresentation of its contents—the party signing a paper which he did not know he was signing, and did not really intend to sign. It is immaterial, in the latter aspect of the case, that the party signing had an opportunity to read the paper, for he may have been prevented from doing so by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing." (See, also, *Buchanan v. Gibbs,* 26 Kan. 277.)

The only other errors complained of relate to the admission of certain testimony which it is claimed was not relevant. A wider range with reference to testimony is permissible where a case is tried by the court; and the testimony with reference to the customary rate of interest at the time of the transaction could not have prejudiced plaintiff.

While there was a sharp conflict in the testimony as to the facts upon which the fraud and misrepresentations were predicated, there was sufficient evidence to sustain the finding of the court that the second note was without consideration. The court, having heard and seen the witnesses, was better able than we are to determine the question of fraud; and, having upon sufficient evidence decided that question, it is not before us. The judgment is affirmed.

All the Justices concurring.