THE STATE LIFE-INSURANCE COMPANY V. JOHN N.
JOHNSON.

No. 14,491.     (85 Pac. 597.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Induced by Fraud—Suit for Rescission—Parol
Evidence.* In a suit to avoid a written contract and to re-
cover money paid thereon on the ground that plaintiff had
no opportunity to read the contract and was induced to exe-
cute the same by false and fraudulent representations, the
rule that parol testimony will not be received of conversations
had between the contracting parties prior to the signing of
the contract, for the purpose of disputing, altering or chang-
ing the terms of the contract, does not apply.

2. ——— *Fraudulent Representations—Question of Fact.* A
defense to such a suit that the false and fraudulent represen-
tations alleged to have been made were so palpably false or
unreasonable that the party claiming to be injured could not
have been, and was not, deceived thereby ordinarily raises a
question of fact for the jury, and not a question of law.

Error from Jefferson district court; CYRUS F. HUR-
REL, judge. Opinion filed May 12, 1906. Affirmed.

STATEMENT.

DEFENDANT in error sued the plaintiff in error in
the district court of Jefferson county to recover $132.12
paid by him to it on a contract of insurance, which he
claimed was procured through fraudulent representa-
tions. Judgment was rendered for the full amount
claimed by the plaintiff, and the insurance company
brings the case here for review.

*Phinney & Raines,* and *Charles F. Coffin,* for plain-
tiff in error.

*H. B. Schaeffer, W. A. Killey,* and *Daniel L. Stanley,*
for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The first error complained of is the overruling of the demurrer filed by the insurance company to the amended petition. As the principal ground therefor the company claims that the representations alleged to have been falsely made by the insurance company's agent were so palpably unreasonable that they were not likely to deceive, and hence the allegation that the plaintiff did rely upon the same is not admitted by the demurrer. The general rule is that a demurrer to a pleading admits, for the purposes of the hearing thereof, the truth of the facts alleged in the pleading; and while there may possibly be exceptions to this rule courts will not carefully weigh the degree of credence which a particular person may have given to what appears to be an unreasonable story told to him for the purpose of defrauding him. It comes with poor grace for one defending against an alleged fraudulent representation to say that the representations were so palpably false and unreasonable as to be absolutely incredible. At most, it is rather a question of fact for the jury than a question of law for the court.

The other objections to the petition, except the fifth, are somewhat in the same line. The fifth objection is that the plaintiff did not allege that the policy he received was worth less than he actually paid for it, and consequently that he was not damaged and is not entitled to relief. This is not an action to recover damages, but a suit to avoid a contract for fraud, and to recover the money procured through the fraud. We think the petition stated a cause of action, and that the demurrer thereto was properly overruled.

We have examined the specifications of error assigned on the introduction of evidence. As to the witness Johnson, the only evidence to which our attention is called that we think worthy of comment is the an-

swer, "No, sir," to the question: "State whether you ever received from defendant company the kind of a policy that was represented would be sent to you by this man Marks." This was a conclusion of fact which should not have been drawn by the witness, but the conclusion to be drawn should have been left to the jury. The representations said to have been made by Marks, however, were detailed to the jury, and a copy of the policy was produced in evidence, and we cannot say that the defendant was prejudiced by the answer. In fact, the jury were practically left to draw their own conclusions, as the witness does not seem to have detailed in what respect he considered the policy was of a different kind than that promised.

The plaintiff in error further complains of the testimony of Barnes, Huddleston, Henderson, and Younkin. We have been unable to discover anything in the evidence of Barnes that was really material to the case, or that could have aided the plaintiff or injured the defendant, except a letter from the insurance department to Johnson, which was identified by Barnes and admitted in evidence over the objection of the defendant; but the court struck this out, and instructed the jury to disregard it. Otherwise it would have been material error.

We digress here to remark that the practice permitted in this trial of allowing an attorney, after the court had sustained objections to certain questions, to make oral offers, in the presence of the jury, of what he expected to prove by the witness, and to assert that he had plenty of evidence to sustain the offer, is not a good one. The court, however, remedied the evil, so far as possible, by telling the jury to disregard the offer. The better practice is to require offers of proof to be made in writing. Many jurymen are not able, at the end of a long trial, to discriminate between the matters heard on the trial which are submitted to them as evidence and those matters which are not so sub-

mitted. The production of evidence should therefore be made as simple as possible, and counsel should not be allowed, during the introduction of evidence, to make assertions with reference to the strength of their evidence or the weakness of their opponent's. We cannot say, however, that after the corrections made by the court the defendant was materially prejudiced in this respect.

As to the evidence of the witnesses Huddleston, Younkin, and Henderson, we think it was admissible for the purpose of showing the design and plan of the agent, Marks, in procuring the insurance application from Johnson, under the rule of evidence laid down in section 304 of volume 1 of Wigmore on Evidence; but of course such evidence should not have been considered in determining what representations the agent made to Johnson. If, however, the evidence was admissible for any purpose it should not have been excluded, and if the insurance company desired to have its application limited it should have requested an instruction defining the purposes for which the evidence could be considered and for which it should not be considered.

We think there was sufficient competent evidence not only to justify but to require the overruling of the demurrer to the plaintiff's evidence. It must be borne in mind that this was not an attempt on the part of the plaintiff to vary or contradict the terms of the written contract, but was a suit to annul and set aside a written contract and to recover the money paid thereon, on the ground that the contract was procured through fraud. The real issue in this case is whether or not the agent, for the purpose of inducing Johnson to take the insurance, made material misrepresentations as to the cost or conditions of the policy, or as to the payments therefor, or the benefits to be derived therefrom, and whether Johnson did rely thereon and was deceived and induced thereby to take such insur-

Railroad Co. v. Kansas City.

ance and make the payment thereon. If this question is answered in the affirmative, and it appears that the company accepted the benefits of the fraud practiced by its agent, the contract should be set aside and the plaintiff should recover.

We have examined the instructions complained of, and think the questions in issue were fairly presented to the jury and that the jury were not misled. The issues were practically all issues of fact. There seems to have been a fair trial, and the verdict of the jury is supported by sufficient evidence. The judgment of the district court is affirmed.

All the Justices concurring.