A. SHOOK V. THE PURITAN MANUFACTURING COMPANY, *a Partnership*.

No. 14,803   (89 Pac. 653.)

SYLLABUS BY THE COURT.

CONTRACTS — *Signed without Reading — Execution Induced by Fraud.* Where inquiry as to the contents of a written contract is lulled by fraud and deceit, and one party is induced to sign the contract by the false representations of the other that it contains the provisions agreed upon, when in fact it does not, the party who procures the signature by fraud will not be entitled to enforce such contract, although the one who signed it did so without reading it or having it read to him.

Error from Hodgeman district court; CHARLES E. LOBDELL, judge. Opinion filed March 9, 1907. Reversed.

*F. Dumont Smith,* for plaintiff in error.

*W. S. Kenyon,* for defendants in error; *J. S. West,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Puritan Manufacturing Company, a partnership, brought this action against A. Shook to recover $324, the price of a lot of jewelry alleged to have been purchased by Shook.

The petition contained a part of the written order for the jewelry signed by Shook, and an averment that the order was accepted and the goods shipped by the company and that by the terms of the order the bill be-

came due and payable within fifteen days, but that payment had been refused.

In addition to a general denial, Shook alleged in his answer:

"That he signed the pretended contract set up in plaintiffs' petition, but that his signature thereto was procured by the fraud and misrepresentation of the plaintiffs' agent, one Lightner; that the said plaintiffs through their agent agreed to ship this defendant a consignment of jewelry, to be sold by defendant on commission; that this defendant never agreed to purchase or ever did purchase said jewelry or any jewelry of plaintiffs; that the plaintiffs' agent presented to defendant a printed paper and represented to defendant that it contained their agreement, and was a contract to sell said jewelry on commission; that defendant was not to be liable to plaintiffs for any of said jewelry except such as he might sell on commission.

"That defendant is unable to read without his spectacles, which were not at hand; that it was dark in the room at the time, and plaintiffs' said agent was urging haste, as he had to catch a train, and defendant was very busy at the time; that plaintiffs' said agent represented the contract to be as stated and as they had verbally agreed, and relying upon the statements of plaintiffs' agent and believing the same to be true defendant signed said contract without reading the same.

"That on the day after signing said contract defendant examined the same and found it was not as represented, and immediately wrote to the plaintiffs, canceling said pretended order, stating the facts herein, and refusing to receive or accept said goods.

"That defendant never has accepted or received said goods, and is in nowise liable therefor."

A demurrer to this answer was sustained. As Shook did not desire to amend, judgment was rendered in favor of the plaintiffs for the amount of their claim, and this ruling is assigned as error.

It was contended by the plaintiffs, and apparently held by the court, that Shook, having signed the order, was bound to know what it contained, and the fact that misrepresentations were made by which his signature was obtained did not excuse his failure to read the or-

der nor relieve him from the obligation of the contract closed by the acceptance of the order. Evidently the rule governing a case where a contract is signed in ignorance of its contents and where there is an absence of fraud, deceit or misrepresentation was applied in the determination of this case. Of course a party who recklessly signs a contract without reading it or asking to have it read to him cannot throw off its obligations by the mere assertion or proof that he was ignorant of its character or contents. The law contemplates that all persons will exercise reasonable prudence for their own protection in the business affairs of life, and in the absence of fraud or mistake one who signs or accepts a written contract is presumed to know its character and to assent to its stipulations. A different rule obtains, however, where one party is induced to sign an agreement through the misrepresentation and fraud of another. A person who obtains a signature by fraudulent representations which are material and are relied on by another, to the effect that an instrument expresses a previous agreement of the parties, when in fact it contains a wholly different stipulation, has no right to insist that the victim of his fraud shall be bound, although the latter had the opportunity to read the instrument and discover the fraud but failed to do so. In such a case the signing of the paper without reading it involves more than the negligence of the signer, since the signature itself was procured by the fraud of the other.

"It is immaterial, in the latter aspect of the case, that the party signing had an opportunity to read the paper, for he may have been prevented from doing so by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing." (*Burroughs v. Pacific Guano Co.*, 81 Ala. 255, 258, 1 South. 212.)

The case of *Warden v. Reser*, 38 Kan. 86, 16 Pac. 60, was one where a woman signed a mortgage on her home without reading it, on the fraudulent representa-

tion that it was only the renewal of a chattel mortgage on property of her husband. It was contended there that one who can read and write and has the opportunity to know the contents of a paper which he signs without reading cannot rely on the representations of any one as to what it contains and afterward avoid liability on the ground that the representations were false and fraudulent. The court, however, ruled that as the signature was obtained by fraud the instrument was void, although the defendant did not attempt to read or have some one else read it to her.

In *Brook v. Teague,* 52 Kan. 119, 34 Pac. 347, a controversy arose over a promissory note, the execution of which was induced by fraud. It was insisted that parol proof was not admissible because it tended to contradict and vary the terms of a written instrument, but it was held that the rule invoked did not apply where the instrument was obtained by fraud or duress. It was decided that a note so procured was void as between the original parties, and as to third parties with notice of the infirmity.

A like question was before the court in *Deming v. Wallace,* 73 Kan. 291, 85 Pac. 139, where the defendants alleged that they were induced to sign two notes by the false and fraudulent représentations of the plaintiff's agent. On an objection to the admission of parol testimony the court said:

"It is always competent to show by parol evidence that a contract was obtained by fraud, where fraud or misrepresentation is pleaded as a defense. The rule that oral representations and inducements preceding or contemporaneous with the agreement are merged in the writing is subject to the exception that if the representations amount to fraud which avoids the written contract they are not merged therein, and parol evidence is admissible to show the fraud." (Page 293.)

It was also held that if a signature is procured by fraud or misrepresentation the party defrauded is not barred from relief by the fact that he failed to read or have it read before signing it. The same rule was an-

nounced in the recent case of *Insurance Co. v. Johnson,* 73 Kan. 567, 85 Pac. 597. (See, also, *Buchanan v. Gibbs,* 26 Kan. 277; *Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496; *Freedley v. French,* 154 Mass. 339, 28 N. E. 272.)

The case of *Munkres v. McCaskill,* 64 Kan. 516, 68 Pac. 42, cited by the plaintiffs, cannot be regarded as an opposing authority. There the agreement to exchange land contained a stipulation that the contract should not be binding until McCaskill had investigated the property of Munkres, and McCaskill assumed the responsibility to make a full, fair and complete examination of the property to satisfy himself as to the truth or falsity of the representations made by Munkres and of the advisability of making the exchange, and it was held that when one of the parties, after making the examination for that purpose, had signified his satisfaction and closed the trade by exchanging title papers he could not rescind the contract upon the ground that he was induced to make it in reliance upon false representations made by the other party to induce the trade, unless fraud was practiced upon him by the other party which prevented him from making a full, fair and complete examination of the property. It will be observed that the truth or falsity of the representations was challenged in advance of the execution of the contract, and the complaining party, instead of relying upon the representations of the other as to the property, chose to investigate for himself and to act as his own judge as to the representations made to him, and therefore could not say that he made the trade in reliance upon the statements of the other party. It was said that a different result would follow if the plaintiff had been prevented from making a full and fair investigation through the fraud of the other, and so a different result must follow where a party is prevented from reading a contract or is induced to sign it without reading it through the

20—75 KAN.

fraud and deceit of the other. Where a person is fraudulently induced to sign commercial paper without reading it and the same passes into the hands of a *bona fide* holder for value before maturity other considerations control, and the general rule is that where one of two parties must suffer through the fraud of a third party that one must suffer who made it possible for the fraud to be committed. (*Roach v. Karr,* 18 Kan. 529, 26 Am. Rep. 778; *Ort v. Fowler,* 31 Kan. 478, 2 Pac. 580, 47 Am. Rep. 501.) This rule, as has already been noted, does not apply as between the original parties or those taking the paper with notice of the fraud. (*Brook v. Teague,* 52 Kan. 119, 34 Pac. 347.)

The answer in this case sufficiently alleges the fraud of the plaintiffs in the execution of the contract, and under the authorities it is not binding upon Shook unless subsequently to the fraud he has ratified it with knowledge of the facts or has otherwise precluded himself from rescinding the contract.

The judgment is therefore reversed and the cause remanded for further proceedings.