W. O. DISNEY v. THE ST. LOUIS JEWELRY COMPANY, *a Partnership, etc.*

No. 15,095.  (90 Pac. 782.)·

SYLLABUS BY THE COURT.

1. PLEADING—*Action on a Contract of Sale—Joinder of Defenses.*  In an action for the price of goods a defense that defendant was fraudulently induced to sign what purported to be a contract of sale, prepared by the plaintiff, on the false representations of plaintiff that it contained the stipulations previously agreed upon, to the effect that the goods were placed in defendant's hands for sale on commission and were not purchased by him, is not inconsistent with the defense that the goods delivered to defendant were not of the quality stipulated in the writing, and defendant cannot be compelled to elect between them.

2. CONTRACTS—*Fraud—Failure to Read—Parol Evidence.*  The case of *Jewelry Co. v. Bennett*, 75 Kan. 743, 90 Pac. 246, followed in holding that a defendant is not bound by a contract which he was induced to execute by the misrepresentations and fraud of the plaintiff, although he failed to read the contract before attaching his signature to it.

Error from Logan district court; JAMES H. REEDER, judge.  Opinion filed June 8, 1907.  Reversed.

*Kagey & Anderson, Lee Monroe,* and *George A. Kline,* for plaintiff in error.

*Bird & Page,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The St. Louis Jewelry Company, a partnership, brought an action upon a writing signed by W. O. Disney, by which, it was alleged, he purchased a stock of jewelry from the plaintiffs that was delivered to him in accordance with the agreement, and for which he refused to settle or pay.

His answer contained three defenses: First, a general denial; second, that he was fraudulently induced to sign the writing without reading it, by the false representations of the plaintiffs' agent that it contained stipulations previously agreed upon when in fact it did not; third, that the goods sent to him were not of a merchantable quality, nor of the quality described in the writing, and that he held the goods subject to the plaintiffs' order, except a small quantity which had been sold and for which he was ready to account.

On motion by the plaintiffs, and over Disney's objection, the court ruled that the second and third defenses were inconsistent with each other and required Disney to elect upon which he would rely. He then elected to stand on the second defense, and the court struck the third from the answer. The cause was then submitted to a jury, the court holding that the burden of proof was upon the defendant, and when the testimony in his behalf was introduced the plaintiffs' demurrer to his testimony was sustained and the court gave judgment against him for the full amount of their claim.

Disney complains, and has reason to complain, of the holding that the second and third defenses were inconsistent, and of the order compelling the election of one and the rejection of the other. There was no irreconcilable repugnancy between the two defenses. In line with the general policy of the code there is an express

provision that the defendant may set up in his answer as many defenses as he may have. (Code, § 94; Gen. Stat. 1901, § 4528.) Many defenses which would have been inappropriate under the old forms of pleading may be united under the code, and if the defendant omits to set them up they can never afterward be available in that or any other action. (*Boyd v. Huffaker,* 40 Kan. 634, 20 Pac. 459.) The defendant who has several defenses to a cause of action should not be hampered in pleading them by any mere technical rule. In *Citizens' Bank v. Closson,* 29 Ohio St. 78, the court said:

"It certainly is not consistent with the spirit and intention of the code that a party having one or the other of two good defenses, without the means of knowing, otherwise than from the developments to be made upon the trial, which of the two, in fact or in law, is his true defense, shall, at his peril, be compelled to elect in advance on which he will rely, to the exclusion of the other. When, from the nature of the case, it is rendered uncertain which of two grounds of defense is the true and proper one, it is competent for the defendant, in his answer, to set them both up, provided they will admit of being stated in such form that the answer can be sworn to without falsehood, and in good faith." (Page 81.)

In *Map Company v. Jones,* 27 Kan. 177, a test was applied where it was stated that a "defendant can be required to elect between which of several defenses he will proceed to trial only where the facts stated therein are so inconsistent that if the portion of one defense be admitted it will necessarily disprove the other." (Page 180.)

In *Light Co. v. Waller,* 65 Kan. 514, 70 Pac. 365, an action for damages because of defendant's negligence, it was contended that a general denial and an averment of contributory negligence were inconsistent defenses, but the court held them not to be inconsistent, saying in effect that while the defendant could not set up contradictory defenses he could adapt his pleading so as to meet the possible contingencies of the case as devel-

oped by the proof of his opponent and that defenses could not be deemed to be inconsistent unless the truth of one implied the falsity of the other. (See, also, *Shed v. Augustine,* 14 Kan. 282; *Cole v. Woodson,* 32 Kan. 272, 4 Pac. 321.)

In Minnesota the question arose, somewhat as it has here, in an action to recover the price of fruit-trees, and it was held that a defense that the order for the trees was obtained by fraud was not inconsistent with another that the trees were never delivered. (*Roblee v. Secrest,* 28 Minn. 43, 8 N. W. 904.) A great many of the cases on the pleading of inconsistent defenses are gathered and presented in a note in 48 L. R. A. 185, and in volume 39 of the Century Digest, section 189.

Within the authorities the defendant had a right to allege that the execution of the writing was procured by the plaintiffs' fraud, and it was therefore not binding, and the further defense that the plaintiffs did not furnish the articles specified in the writing. The truth of one does not imply the falsity of the other. Both may be true, and either is a proper defense. The plaintiffs may have fraudulently procured the defendant's signature to the writing by falsely representing that the goods were to be placed in the defendant's hands for sale on commission and not as a purchase, and also may have failed to deliver the grade of goods to defendant which they agreed to deliver. Such defenses are not so incompatible that they cannot be joined in an answer or that the defendant should be required to elect between them.

Error was committed in sustaining the demurrer to defendant's testimony. He offered proof tending to show that he entered into an agreement with the agent of the plaintiffs to the effect that they should place a certain lot of jewelry with him for sale on commission at invoice prices; that the agent prepared the writing and put into it stipulations for an outright sale, but when he presented it to defendant for signature he

represented that it contained only the provisions agreed upon; and that, being in a hurry, and believing the agent's representations as to the contents of the writing to be true, he attached his signature to the paper without reading it. Taking his testimony to be true, he was not bound by the contract, although he took the agent at his word and signed the contract without reading it. (*Deming v. Wallace,* 73 Kan. 291, 85 Pac. 139; *Shook v. Manufacturing Co.,* 75 Kan. 301, 89 Pac. 653; *Redfield v. Baird,* 75 Kan. 837, 90 Pac. 782; *Jewelry Co. v. Bennett,* 75 Kan. 743, 90 Pac. 246.)

The judgment is reversed and the cause remanded for a new trial.