T. O. Tanton *pro se, and as Trustee, etc.,* v. L. R. Martin *et al.*

No. 15,956.

SYLLABUS BY THE COURT.

1. CONTRACTS—*Failure to Read—Signature Obtained by Fraud.* A recognized exception to the rule that a party is held to know and be bound by the provisions of a writing which he signs is where one party procures another to execute the writing by falsely and fraudulently representing that it contains the stipulations previously agreed upon when in fact it does not and where the party signing the writing relies upon the faith of these representations and is thereby induced to omit the reading of the writing which he signs.

2. FRAUD—*Proof.* A charge of fraud may be established by a preponderance of the evidence. The preponderance which overcomes the presumption of honesty and innocence and all opposing evidence, and is such as will lead a reasonable man to the conclusion that fraud exists, meets the requirements of the law.

3. INSTRUCTIONS—*Request—Estoppel.* A party has no right to complain of an instruction which he requests the trial court to give.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed April 10, 1909. Affirmed.

*R. L. Holmes, Charles G. Yankey, D. M. Dale,* and *S. B. Amidon,* for the plaintiff in error.

*John W. Adams,* and *George W. Adams,* for the defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action plaintiff sought to recover $200 from defendants as cash rent for the use of a house in accordance with the terms of a lease to which defendants' names were signed. The defendants answered admitting the signing of the lease but alleging that they orally agreed with plaintiff's agent to lease plaintiff's farm for a year and pay as rent two-

fifths of the grain raised on the farm, and also $60 for the use of grass lands, and that plaintiff's agent proposed that he should reduce the agreement to the form of a written lease which they should thereafter come in and sign. It was further averred that shortly afterward plaintiff's agent presented a written lease which contained not only the provisions agreed upon but also a stipulation requiring defendants to pay the additional sum of $200 as cash rent for a house that was on the farm; that they were induced to sign the lease by the false and fraudulent representations of plaintiff's agent that the lease contained only the terms orally agreed upon, to wit, the payment of two-fifths of the grain raised on the farm and $60 for the grass land; that, being in a hurry and relying upon the representations so fraudulently made, they were induced to sign the lease without any knowledge of the 200-dollar stipulation; and that the false representations upon which they relied were made for the sole purpose of defrauding defendants. On this issue defendants prevailed, and plaintiff complains that the evidence was insufficient to overthrow the writing which the defendants had signed.

It is contended that if parties who sign an instrument can read they will not be heard to say that they did not read or know the contents of the writing, unless they were dissuaded from reading it by some fraudulent act, artifice or trick. Was there no fraud, artifice or trick in the act of plaintiff's agent in telling the defendants that the long, complicated writing of about seven printed pages contained only the provisions requiring them to pay two-fifths of the grain and $60 in cash, when he had placed in the body of the lease a provision requiring them to pay $200 that had not been mentioned in the oral negotiations? Was there no fraud, artifice or trick in lulling inquiry as to the contents of such a writing by falsely and fraudulently representing that it contained only certain specific things, when there had been inserted another stipula-

tion greatly enhancing defendants' liability? There is a well-recognized exception to the rule that a party is bound to know the contents of a paper which he signs, and that is where one party procures another to sign a writing by fraudulently representing that it contains the stipulations agreed upon when in fact it does not and where the party signing relies upon the faith of these representations and is thereby induced to omit the reading of the writing which he signs. It is well settled that a written contract which one party induces another to execute by false representations as to its contents is not enforceable, and the party so defrauded is not precluded from contesting the validity of the contract by the fact that he failed to read it before attaching his signature. (*Deming v. Wallace,* 73 Kan. 291; *Shook v. Manufacturing Co.,* 75 Kan. 301; *Jewelry Co. v. Bennett,* 75 Kan. 743; *Disney v. Jewelry Co.,* 76 Kan. 145.)

Complaint is made of the instructions of the court in regard to the degree of proof required to establish fraud. Several of the instructions touched on the question, and in the tenth instruction the court charged that "fraud is never presumed, and the burden is upon the defendants, as heretofore instructed, to prove by a preponderance of the evidence the fraud by them alleged in their amended answer." It is sometimes said that proof of fraud must be clear and convincing, or strong and satisfactory, but this is no more than a preponderance, and that is all that the law requires. Courts sometimes disapprove of instructions which minimize the quantity of evidence necessary to repel the presumption of innocence and establish fraud (*Insurance Co. v. Rammelsberg,* 58 Kan. 531), but a preponderance which satisfactorily establishes the fraud meets the requirements of the law. The trial court recognized the rule that fraud must be well established when it told the jury that the preponderance referred to in the instructions did not mean "the mere

greater number of witnesses upon the one side or the other, but that evidence which is most convincing and satisfactory to the minds of the jury." In the absence of evidence honesty and fairness are presumed, and a preponderance which overcomes this presumption and all opposing evidence and is such as will lead a reasonable man to the conclusion that fraud exists is all the proof that the law requires.

Aside from this consideration the plaintiff is not in a position to complain of the charge on this ground. The instructions requested by plaintiff in regard to the degree of proof necessary to establish fraud only required the defendants to prove it "by a preponderance of the evidence," without any qualifying or strengthening language. The instructions given by the court on this phase of the case were as strong as those requested.

The judgment of the district court is affirmed.