No. 23,778.

BARBARA NATHOO, *Appellant,* v. OLIVE E. JONES et al., *Appellees.*

SYLLABUS BY THE COURT.

ACTION TO SET ASIDE DEED—*Fraud in Its Execution—Petition States Cause of Action.* In an action to set aside a deed because of fraud in its execution, a petition wherein plaintiff alleged that the defendants fraudulently substituted a deed conveying property which plaintiff was induced to sign without reading it, in the belief that it was a contract which she had read and had agreed to sign, and that the substitution was purposely made by defendants to defraud plaintiff of her property rights, states a cause of action, and if the facts alleged are established by the evidence, she will be entitled to the relief sought.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 10, 1922. Reversed.

*Hal R. Clark, S. H. Piper,* and *W. B. Grant,* all of Independence, for the appellant.

*A. R. Lamb, Clement A. Reed,* both of Coffeyville, and *E. L. Burton,* of Parsons, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Barbara Nathoo to cancel and set aside a deed which she had signed purporting to convey a tract of land which she had occupied as her homestead. The case was determined on a demurrer of Olive E. Jones to plaintiff's petition, and it being sustained, plaintiff appeals.

In substance, the plaintiff alleges that a divorce action was pending between her husband and herself, and that he and Olive E. Jones, a proposed purchaser of the home property, comprising eleven and two-thirds acres, entered into a conspiracy to defraud the plaintiff by the following means: They represented to plaintiff that Olive E.

Nathoo v. Jones.

Jones had agreed to buy the property for $11,000, which consideration included a $2,300 mortgage that was to be assumed by the purchaser; that $5,000 was to be paid in cash to plaintiff, and that certain attorneys' fees and costs of the divorce proceeding should be paid. They prepared a typewritten contract of these negotiations and presented it to plaintiff to read, and when it was read she agreed to sign it. After plaintiff had verbally consented to sign the contract, her husband, acting for himself and Mrs. Jones, telephoned to a notary public to come and take the acknowledgments of those signing the contract. When the officer appeared, her husband sat down and appended his signature to what the plaintiff believed was the contract she had read and agreed to sign, and then procured her to attach her signature to the instrument. She signed it believing it was the typewritten contract which she had previously examined, but it turned out to be a deed which her husband and Mrs. Jones had fraudulently arranged to switch and substitute for the contract she had read and which she was led to believe she was signing. Immediately after the instrument was signed, her husband delivered it to Mrs. Jones, who caused it to be recorded. Plaintiff did not, she alleges, receive any consideration for the signing of the deed, and Olive E. Jones never paid any consideration for the deed or for the purchase of the property. It was further alleged that Mrs. Jones did not for a long time claim ownership of the property, but represented to divers persons that the deed was not intended to represent a purchase of the property, but as the plaintiff and her husband were having trouble between themselves, she was holding the deed to enable her to collect money which she had loaned to plaintiff's husband a long time before the signing of the instrument. It was also alleged that the plaintiff remained in possession of the property and did not learn of the fraud perpetrated upon her until a few days before the action was begun, when she ascertained that Mrs. Jones claimed to own and was attempting to sell the property to innocent purchasers. The plaintiff's husband, and the husband of Mrs. Jones were named as defendants in the action. Mrs. Jones alone demurred to the petition, and on her demurrer it was held that a cause of action was not stated against her.

The defendant claims that the petition contains only a general averment of fraud without stating the facts upon which the fraud is based, and it is therefore insufficient. Plaintiff states quite plainly

and definitely that the fraud had been accomplished by the shifting and substitution of a deed for the instrument which embodied the terms of the agreements between the parties, and that the defendants had induced her to believe that she was signing the instrument she had read and agreed to sign when she attached her name to the other. It was further alleged that Mrs. Jones conspired and participated with plaintiff's husband in the deception. There is no dearth of averment as to the means by which the fraud was accomplished.

Defendant also invokes the rule that one who can read and voluntarily signs an instrument affecting rights without reading it, should not be permitted to deny its binding force. The rule has no application where the execution of a contract is obtained by fraud, as where a party is tricked into signing an instrument he did not know he was signing, and did not intend to sign. (*Deming v. Wallace,* 73 Kan. 291, 85 Pac. 139.) If the defendant purposely switched the instruments or caused it to be done, as alleged in the plaintiff's petition, a flagrant fraud was committed, one shocking to equity and good conscience, and the fact that if plaintiff had been less credulous and confiding she might have read the instrument and detected the fraud does not preclude her from contesting the validity of the contract she was fraudulently induced to sign. (*Shook v. Manufacturing Co.,* 75 Kan. 301, 89 Pac. 653; *Jewelry Co. v. Bennett,* 75 Kan. 743, 90 Pac. 246; *Disney v. Jewelry Co.,* 76 Kan. 145, 90 Pac. 782; *Tanton v. Martin,* 80 Kan. 22, 101 Pac. 461; *Byers v. Daugherty et al.,* 40 Ind. 198; *Givan v. Masterson,* 152 Ind. 127; *Burroughs v. Pacific Guano Co.,* 81 Ala. 255.)

We see nothing substantial in the contention that plaintiff cannot maintain her equitable action to set aside the fraudulent instrument because she has an adequate remedy at law. The case is peculiarly one for the interposition of a court of equity.

The judgment is reversed and the cause remanded for further proceedings.