No. 24,590.

W. H. LOGAN, *Appellee*, v. HARRY COLLINSON, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE OF AUTOMOBILE—*False Representations—Rescission of Contract.* There was sufficient evidence to show false representations.

2. SAME—*Knowledge of Defects—No Defense to Action for False Representations.* Knowledge by a purchaser of an automobile concerning a defect in it is not sufficient to affect the consequences of false representations fraudulently made in the sale of the car, where the seller assures the purchaser that the defect is a trifle which can be easily remedied.

3. SAME—*Partial Payment Made Before Discovery of the Fraud—No Affirmance of Contract.* Payment of a part of the purchase price of an automobile and slight use of it do not amount to an affirmance of the sale where the sale was effected under the circumstances described in the second paragraph of this syllabus and where the payment was made before the discovery of the fraud.

4. SAME—*Parol Evidence Admissible to Show Fraud in Procuring Written Contract.* "The ordinary rule that a written contract speaks for itself and that parol evidence to show the oral statements, representations and negotiations of the parties which led up to the contract is inadmissible has no application to written contracts procured by the fraudulent representations of one of the parties and which were relied upon by the other." (*Griesa v. Thomas,* 99 Kan. 335, 161 Pac. 670, followed.)

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 10, 1923. Affirmed.

*Albert Faulconer, Kirke W. Dale, C. L. Swarts,* and *W. L. Cunningham,* all of Arkansas City, for the appellant.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for the return of the purchase price of an automobile sold to him by the defendant, who appeals.

Logan v. Collinson.

The defendant sold the plaintiff a Cole Eight automobile for $3,250. Payment was made by the plaintiff giving to the defendant a Willys-Knight car valued at $800, $650 in money, and a note for $1,800. After the purchase of the car and after the plaintiff had run it for some days, thirty to sixty, he discovered that the car was not what it had been represented to be. He took the car back to the defendant, turned it over to him, and demanded a settlement of their differences. The defendant refused to receive the car or make any settlement. The evidence tended to show that the defendant stated to the plaintiff that the car sold to the latter was a new one; that it had been used solely as a demonstrator; that it had been driven once from Arkansas City to Ponca City; and that the car was in the same condition as when it came from the factory. The evidence tended to show that these statements were false; that the car had been stolen and driven to Kansas City and there abandoned; that the car was in bad condition; that it had been repainted; that it would have taken two or three days to repair the car; that the plaintiff relied on the representations; that he believed them to be true; that he purchased the car on the faith of those representations; and that he was damaged as a result. The case was tried by a jury which returned a verdict in favor of the plaintiff for $3,250.

1. The defendant urges that there was not sufficient evidence to show that false representations were made. The evidence concerning the representations has been summarized. The defendant cannot be sustained on this proposition.

2. The defendant argues that if there were any defects in the car, the plaintiff knew of them at the time of the purchase. One of the defects was that the car rattled or "knocked." Plaintiff noticed this before completing the purchase and spoke to the defendant about it. The defendant then assured the plaintiff that the "knocking" was in the bumper and could be easily fixed. The evidence tended to show that the "knocking" was not in the bumper but was in the engine. This argument is not good.

3. Another matter urged by the defendant is that "the plaintiff affirmed the sale long prior to the time he attempted to rescind on November 12, 1920." The purchase was made August 30, 1920. The rescission was effected November 12, 1920. The evidence tended to show that on several occasions plaintiff complained to the defendant about the manner in which the car worked and that the defendant on each of these occasions assured the plaintiff that

the car was all right. The plaintiff finally learned that the car had been stolen and abandoned; that it had been repainted; and that the engine was not in good repair. He then returned the car to the defendant. The plaintiff drove the car about 400 miles while he had it. He made a payment of $350 on the note that had been given to the defendant. Payment was made after the defendant had assured the plaintiff that the car was as had been represented and before the plaintiff discovered that the representations made to him were false. Under such circumstances, it cannot be said that there had been an affirmance or ratification of the purchase of the car.

4. The defendant urges that "the car being purchased under a written contract introduced and admitted in evidence which contained no warranty, plaintiff could not rely or recover on an oral warranty." Plaintiff is not seeking to recover on any warranty, nor for the violation of any contract. He rescinded for fraud practiced by the defendant in securing the execution of the contract, and is seeking to recover the price paid for the car. He is not seeking to vary the terms of the written contract, nor to recover on a warranty contained in the contract. He is seeking to recover on a rescission of the contract. In *Griesa v. Thomas,* 99 Kan. 335, 161 Pac. 670, this court said:

"The ordinary rule that a written contract speaks for itself and that parol evidence to show the oral statements, representations and negotiations of the parties which led up to the contract is inadmissible has no application to written contracts procured by the fraudulent representations of one of the parties and which were relied upon by the other." (Syl. ¶ 4. See, also, *Deming v. Wallace,* 73 Kan. 291, 85 Pac. 139; *Insurance Co. v. Johnson,* 73 Kan. 567, 85 Pac. 597; *Hart v. Haynes,* 96 Kan. 262, 150 Pac. 530.)

The judgment is affirmed.