No. 25,239.

BRENARD MANUFACTURING COMPANY, *Appellant*, v. D. A. SCRANTON, *Appellee*.

SYLLABUS BY THE COURT.

SALE OF MUSICAL INSTRUMENTS—*Fraud of Soliciting Agent—Principal Bound by Fraud of Its Agent*. The rule that fraud of a soliciting agent is fraud of his principal, applied to a transaction in which an agent procured a customer's signatures to a contract and notes by misreading the contract to the customer, who could not read it.

Appeal from Hamilton district court; CHARLES E. VANCE, judge. Opinion filed May 10, 1924. Affirmed.

*W. H. Brown*, of Syracuse, and *G. A. Kenderdine*, of Iowa City, Iowa, for the appellant.

*William Easton Hutchison, C. R. Hope*, and *A. M. Fleming*, all of Garden City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on promissory notes, given for the price of three "Golden-Throated" Claxtonolas, and a dozen double-disc ten-inch records. The defense was that the notes were procured by fraud. Defendant, by cross-petition, prayed for recovery of money expended in connection with the fraudulent transaction. Defendant recovered, and plaintiff appeals.

Plaintiff is a partnership, whose principal place of business is Iowa City, Iowa. Defendant is a dealer in lumber and hardware, at Syracuse, Kan. Plaintiff's agent, Strole, solicited defendant to sign an instrument containing an order for the goods and a contract for exclusive agency to sell them. The notes were attached to the instrument. After more than four hours' resistance, and just before time for Strole to take a train, defendant signed the instrument and the notes, which were dated December 4, 1920. Defendant did not handle musical instruments of any kind, and had no proper place to display them. He was induced to yield by Strole's agreement that the company would send him to canvass the territory for customers during the approaching holidays, and thus open up the field and sell the goods. When Strole's proposition was accepted, he produced the instruments for signature. Because of defective eyesight, defendant uses two pairs of spectacles. He did not have his reading glasses with him, and could not read even large print without them. He tried to read the instruments tendered for signature, and could not, and asked Strole to read them. The agency agreement contained a provision that plaintiff had the right to send a special salesman into the territory to do field work and promote sales, and Strole read it as an agreement that the company would send him. Relying on the agreement as Strole read it, defendant signed. Strole also misrepresented the cost of expressage on the goods. He was not a witness at the trial, and plaintiff did not take his deposition.

The instrument was addressed to plaintiff, and commenced as follows:

"Upon your approval of this order and agency contract, deliver to me at your earliest convenience, f. o. b. factory or distributing point, the articles mentioned below, in payment for which I herewith hand you my notes aggregating $422.00, which you are to cancel and return to me if agreement is not approved by you."

Strole sent the instrument to plaintiff, who approved it, and shipped the claxtonolas, but not the records. Plaintiff notified defendant of the shipment, and sent him a copy of the contract. When the claxtonolas arrived, defendant arranged to exhibit them, notified plaintiff the shipment was short, and waited for the records and for Strole to come. When the express bill was presented, defendant became suspicious, and examined the copy of the contract. On December 27, he notified plaintiff that payment would be refused until the contract was carried out. Strole did not come, and defendant stored the goods subject to plaintiff's order.

The foregoing facts summarize the evidence favorable to defendant, which, in view of the verdict of the jury, is all this court need consider. The jury was properly instructed, according to the principles discussed and applied in the following cases, which cite others: *Deming v. Wallace,* 73 Kan. 291, 85 Pac. 139; *Insurance Co. v. Johnson,* 73 Kan. 567, 85 Pac. 597; *Shook v. Manufacturing Co.,* 75 Kan. 301, 89 Pac. 653; *Jewelry Co. v. Bennett,* 75 Kan. 743, 90 Pac. 246; *Disney v. Jewelry Co.,* 76 Kan. 145, 90 Pac. 782; *Tanton v. Martin,* 80 Kan. 22, 101 Pac. 461; *Hart v. Haynes,* 96 Kan. 262, 150 Pac. 530; *Griesa v. Thomas,* 99 Kan. 335, 161 Pac. 670; *Fritts v. Reidel,* 101 Kan. 68, 165 Pac. 671; *Manufacturing Co. v. King and Dickey,* 104 Kan. 210, 178 Pac. 621.

Plaintiff contends Strole was an agent with limited authority, exercising substantially the same function as an insurance solicitor. Granted. In taking defendant's application, for approval or rejection by plaintiff, he was agent for plaintiff, he had all the authority one of the partners would have possessed, he bound plaintiff by his agreement respecting contents of the application, and generally his fault was the fault of plaintiff. (*Pfiester v. Insurance Co.,* 85 Kan. 97, 116 Pac. 245.)

The judgment of the district court is affirmed.