No. 26,461.

H. Boxer, *Appellee*, v. Watchorn Oil and Gas Company, *Appellant*.

### SYLLABUS BY THE COURT.

1. EVIDENCE—*Invalidating Written Instrument—Fraud.* Rule followed that the fact that a contract of purchase and sale was reduced to writing and signed by the parties thereto does not preclude a cause of action for damages to the purchaser upon proper allegations and sufficient proof that he was induced to make such purchase and sign such contract through reliance upon the seller's false and fraudulent representations of material facts which induced the sale and wrought consequent damages to the purchaser.

2. SALES—*Written Contract—Fraud—Recovery of Damages.* The defendant's agent, knowing plaintiff desired to buy casing pipe for resale, falsely and knowingly misrepresented the pipe in defendant's abandoned oil well to be ten-inch forty-pound casing, for which plaintiff had a customer, and plaintiff bought the pipe in reliance thereon. When pulled from the well, the pipe was found to be thirty-five-pound casing. Plaintiff's customer declined to accept it and plaintiff had to sell at a loss. *Held,* plaintiff had a cause of action good against defendant's demurrer based on the mere point that the contract of purchase and sale was in writing and silent as to the weight of the pipe.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed February 6, 1926. Affirmed.

*H. W. Hart, Glenn Porter* and *Enos E. Hook,* all of Wichita, for the appellant.

*E. L. Foulke, James B. Nash* and *Roy H. Wasson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff brought this action for damages for alleged false representations made by defendant's agent, through reliance on which plaintiff purchased a quantity of pipe in an oil well.

Plaintiff alleged that among other casing pipe purchased by him was one lot which the agent represented to be forty-pound ten-inch casing, and relying thereon plaintiff contracted to resell it and deliver it at Wolton, to one Abe Markus, at a price of three dollars per foot. When plaintiff drew the pipe out of the well, it was discovered to be thirty-five-pound casing pipe, whereby plaintiff lost the sale to Markus, and the best he could do with the inferior article was to sell it at one dollar per foot, which he did. For this loss and incidental and necessary expenses connected with this transaction plain-

Evidence, 22 C. J. pp. 1215 n. 65, 1220 n. 93; 10 R. C. L. 1058. Sales, 35 Cyc. pp. 73 n. 60, 619 n. 60.

Boxer v. Watchorn Oil & Gas Co.

tiff brought this suit, his petition containing all the appropriate allegations to state a cause of action of this sort. Attached to his petition as an exhibit was the contract of purchase and sale of the casing pipe.

Defendant's demurrer to plaintiff's petition was overruled, and this appeal challenges the correctness of that ruling. Defendant pins its faith to two propositions of law, viz.:

(*a*) Where a contract of sale is in writing, there is no express warranty, and an oral warranty cannot be shown and there is no implied warranty.

. (*b*) Fraud cannot be predicated on an oral representation as to quality or amount of an article, when there is a written contract, and the article is not warranted.

The first of these propositions may correctly state the law where it applies. We cannot yield unqualified assent to the soundness of the second proposition. But it is not clear that either rule is applicable to the facts of this case. The ten-inch casing which is concerned in this lawsuit was down in an oil well. It could not be seen; it could not be inspected. It was sold in place, along with a lot of other pipe of various sizes in the well and lying beside the well. Plaintiff says he bought the ten-inch pipe for resale and bought it in reliance upon the agent's statements that it would meet the requirements of plaintiff's customer. The petition alleges:

"The plaintiff further alleges that at the time said written contract was entered into the plaintiff informed E. E. Watchorn and A. D. Crow, the agents of the defendant company as aforesaid, that he had a customer for some ten-inch forty-pound casing, and that if the ten-inch casing in said well would meet these requirements that he would be willing to take the same off their hands, and upon being assured by said E. E. Watchorn and A. D. Crow that the said ten-inch casing would meet said requirements he entered into said written contract, and that in addition thereto it was orally agreed between said parties that the ten-inch casing which he was purchasing was in fact forty-pound casing. . . .

"The plaintiff further alleges at the time said contracts were entered into said E. E. Watchorn and A. D. Crow orally represented and warranted to the plaintiff that the ten-inch casing in said well was forty-pound casing, which representation and warranty were false and untrue, and were known by said E. E. Watchern and A. D. Crow to be false and untrue at the time they were made, or were made with reckless disregard as to whether they were true or false, and were made for the purpose of misleading and deceiving the plaintiff, who, relying thereon, and not knowing that said representation and warranty were false and untrue, purchased said casing, to his damage as hereinafter set forth."

·Without quoting further from the petition, it is quite clear, so far as these allegations are challenged by demurrer, that the written contract for the purchase of the casing pipe was induced by fraud and misrepresentation; and no wrongdoer is immune from liability therefor merely because he bound his victim to such a contract by securing his signature to a written instrument to that effect. In *Deming v. Wallace*, 73 Kan. 291, 85 Pac. 139, it was said:

"The rule that oral representations and inducements preceding or contemporaneous with the agreement are merged in the writing is subject to the exception that if the representations amount to fraud which avoids the written contract they are not merged therein, and parol evidence is admissible to show the fraud. [Citations.]" (p. 293.)

In *Griesa v. Thomas*, 99 Kan. 335, 161 Pac. 670, it was said:

"However dogmatically the rule is stated and reiterated in the decisions and textbooks that parol evidence is inadmissible to show the oral representations, negotiations and statements of contracting parties, leading up to their bargain, when later their contract is reduced to writing and signed by them, an invariable qualification of that rule is usually appended making an exception in all cases of fraud pleaded and proved. [Citations.]" (p. 339.)

Other recent decisions to the same effect are: *Hart v. Haynes*, 96 Kan. 262, 150 Pac. 530; *Advertising Co. v. Smalley*, 101 Kan. 645, 647, 168 Pac. 677; *Manufacturing Co. v. King and Dickey*, 104 Kan. 210, 178 Pac. 621; *Logan v. Collinson*, 114 Kan. 620, 220 Pac. 291; *Manufacturing Co. v. Scranton*, 116 Kan. 93, 225 Pac. 731.

The judgment is affirmed.