Fox v. Ryan.

No. 26,223.

JENNIE FOX, *Appellant,* v. W. H. RYAN, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACTS—*Pleading—Avoidance in Reply.* The allegations of avoidance in a reply considered, and held sufficient against a demurrer.

Appeal from Crawford district court, division No. 2; GEORGE F. BEEZLEY, judge. Opinion filed June 12, 1926. Reversed.

*P. Louis Zickgraf* and *R. L. Robertson,* both of Pittsburg, for the appellant.
*B. S. Gaitskill,* of Girard, and *A. J. Curran,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This appeal involves a question of pleading. The petition contains five causes of action. In the first, plaintiff alleges defendant was her agent to rent certain farms; that he was authorized to rent them for cash, $450 each per year; that he did in fact rent them for $640 each per year, but did not report that fact to her, and the suit is to recover the difference. The second and third causes of action are for small items of interest growing out of the alleged agency. In the fourth the plaintiff seeks damages for an alleged slander, and in the fifth she seeks damages for an alleged assault.

Defendant filed a motion to require plaintiff to make her petition more definite and certain in some particulars and to strike out specific language as stating conclusions or being redundant. This motion was sustained. Plaintiff complains of that ruling. There is no merit in this complaint, for three reasons: (1) The ruling of the court is not an appealable order (R. S. 60-3303; *Whitlaw v. Insurance Co.,* 86 Kan. 826, 122 Pac. 139); (2) it was made more than two years before the appeal was taken (R. S. 60-3309); and (3) plaintiff complied with the order by filing an amended petition, to which a similar motion was directed, which was overruled.

Defendant answered at length, denying all the allegations of plaintiff's petition. Plaintiff filed a motion to strike out portions of this answer as redundant and stating conclusions, and to require it to be made more definite and certain in some particulars. The court sustained this in part and overruled it in part, and plaintiff complains because it was not sustained in its entirety. This ruling is not sub-

Appeal and Error, 3 C. J. pp. 487 n. 30, 489 n. 35, 491 n. 51, 1043 n. 26. Contracts, 13 C. J. p. 371 n. 29. Pleading, 31 Cyc. p. 254 n. 6.

Fox v. Ryan.

ject to review, for two reasons: (1) Because it is not an appealable
order, and (2) because it was made more than a year before the ap-
peal was taken. Defendant filed an amended answer complying with
the order of the court. Among other things, answering plaintiff's
first cause of action, defendant alleged that his appointment as agent
for plaintiff was in writing, and set out a copy of it, which provides
in substance, among other things, that defendant should rent the
farms for $450 each per year net to plaintiff, and that he should
have as his commission any sum for which he could rent the farms
in addition to that; that he did rent the farms for $640 each, with
an agreement that the tenants were to be credited for certain work
done upon the premises for the benefit of plaintiff, and that he ac-
counted to plaintiff in accordance with the instrument by which he
was appointed such agent.

In her reply plaintiff admitted that she signed the written instru-
ment set up in defendant's answer, but sought to avoid its effect
by allegations concerning the circumstances of its execution. The
court sustained the defendant's demurrer to this portion of the re-
ply, and plaintiff has appealed from that order. The sole question
before us is whether this reply pleads an avoidance of this written
instrument. The reply is too lengthy to copy in full. It alleges, in
substance, that when defendant presented to her for her signature
the writing by which he was appointed agent to rent her lands, she
did not have her glasses with her and could not read without them;
that she so informed him; that defendant had known her for many
years and knew she could not read without her glasses; that de-
fendant then undertook to read the writing to her and to state to her
its contents; that for the purpose of deceiving and defrauding her he
omitted to read, or to state, the provision in the writing by which he
was to collect and have for his fees all over the stated amount to be
paid plaintiff; that defendant was acting as agent, attorney and ad-
viser of plaintiff, and that she believed and relied upon the state-
ments he made to her as to the contents of the instrument. We
regard this as a sufficient allegation of avoidance. (*Shook v. Manu-
facturing Co.,* 75 Kan. 301, 89 Pac. 653; *Disney v. Jewelry Co.,* 76
Kan. 145, 90 Pac. 782; *Burns v. Spiker,* 109 Kan. 22, 202 Pac. 370;
*Trust Co. v. Gill,* 113 Kan. 261, 214 Pac. 413; *Tractor Equipment
Co. v. Ayers,* 115 Kan. 769, 225 Pac. 115.)

Appellee cites and relies upon *Donald-Richard Co. v. Shay,* 110
Kan. 351, 203 Pac. 1105. The principle was recognized, but not.

applied in that case, for the reason that the evidence did not support it.

The third paragraph of the reply details the circumstances under which an extension of the writing was executed. We think the allegations in the reply, both as to the execution of the instrument and the extension thereof, are sufficient as against a demurrer.

The judgment of the court below will be reversed with directions to overrule the demurrer to the reply.