No. 27,866.

I. A. LUMBAR, *Appellee*, v. L. C. ERICKSON, *Appellant*.

(266 Pac. 737.)

Opinion filed May 5, 1928.

*Z. C. Millikin*, of Salina, for the appellant.
*David Ritchie*, of Salina, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action, so far as is involved on this appeal, on two promissory notes given for the purchase price of a tractor and plow, and to foreclose a mortgage to secure the notes on the property

sold. The defense was a parol warranty, which was alleged to have failed, and fraud which induced the execution of the notes and mortgage and the written order for the purchase of the machinery. The jury answered special questions, and returned a general verdict for defendant. Plaintiff's motion for judgment on the answers to the special questions, notwithstanding the general verdict, was sustained, and defendant has appealed.

The tractor sold was a secondhand, or used, tractor. The written contract by which it was purchased contained these provisions:

"Any machine or part thereof which is secondhand, rebuilt or repaired, is not warranted, by statute or otherwise. . . . There are no representations, warranties, or conditions, express or implied, statutory or otherwise, except those herein contained and no agreement collateral hereto shall be binding upon either party unless in writing hereupon and attached hereto, signed by purchaser and accepted by vendor at his office."

There could be no parol warranties under this contract, unless the facts justified its being set aside on account of fraud. Such fraud was alleged, but the only fraud found by the jury was that plaintiff did not call defendant's attention to the clause, "any machine . . . which is secondhand . . . is not warranted." This was not enough to justify setting aside the contract on account of plaintiff's fraud. It was defendant's business to know what was in the contract when he signed it. Were the rule otherwise written contracts would be of no value. (*Stevens v. Inch*, 98 Kan. 306, 158 Pac. 43; *Tractor Equipment Co. v. Ayers*, 115 Kan. 769, 225 Pac. 115.)

Appellant cites and relies on *Manufacturing Co. v. Scranton*, 116 Kan. 93, 225 Pac. 731—where the vendor fraudulently misread the contract to the vendee, who could not read—and allied cases. No such situation was found by the jury in this case, hence the cases relied upon are not applicable.

The result is that the jury found no fraud which would authorize or justify the setting aside of the written contract for the purchase of the machinery, and under the contract there was no warranty. Hence the defense failed.

Other questions argued need not be discussed. The judgment of the court below is affirmed.