BYERS *v.* DAUGHERTY ET AL.

FRAUD.—*Execution of Instrument.*—Where a different instrument from that which a party supposes he is executing is fraudulently substituted by the

·other party to it, it constitutes a fraud which will prevent a recovery on the instrument executed.

CONTRACT.—*Pleading.*—*Evidence.*—In a suit upon a promissory note, given in pursuance of a contract appointing the maker of the note an agent for the sale of a patented article, and agreeing that he should have the right to order and receive such articles of a certain manufacturer, at a certain price, to be paid by said agent, an answer alleging that the patent right was of no value, but was a cheat and a fraud, and that there was no consideration for the note, did not authorize proof that said manufacturer refused to deliver the articles unless paid for in advance.

APPEAL from the Warren Common Pleas.

DOWNEY, J.—Suit by the appellees against the appellant on a promissory note for two hundred dollars, made by the appellant to one Tobin, and indorsed by him to the appellees.

The note was executed by Byers as the consideration for the making of the following agreement: "Know all men by these presents, that Thomas H. Tobin, of Missouri, for and in consideration of the profits of ten machines, being the sum of two hundred dollars to me in hand paid, the receipt of which is hereby acknowledged, I do hereby agree with Elijah C. Byers to constitute and appoint the said E. C. Byers my special agent to sell Wm. H. Elliott's Hay Loading Device, patented April 26th, 1864, in the townships of Jordan and Steuben, county of Warren, and State of Indiana, said agency to be permanent and to continue ten years from the 1st of January, 1870; and I further agree that I will not appoint any more agents to sell the said machines in said townships above named; and it is further agreed, that the said E. C. Byers, after examining and testing said machine, is desirous of obtaining the agency, and hereby agrees to pay the above sum to said Tobin, or his legal representatives, and also ten per cent. of all net profits arising from the sale of said machines in said townships, after deducting the amount paid for this agency by the said E. C. Byers, together with all necessary expenses incurred in selling the machines as aforesaid; provided always that it shall be legal for the said E. C. Byers, or his legal representatives, to assign and transfer this agency to any other responsible party or parties

in said county or township; and the said E. C. Byers or his assigns shall at all times be entitled to order and receive the machines from J. K. Snyder, of Lafayette, Indiana, for the sum of eighteen dollars each, as per contract with said manufacturer; retail price, thirty-eight dollars; and it is further agreed by the said Tobin, that the agent in said county who sells the largest number of machines in each year shall be entitled that year to the price of two machines at the shop, said amount to be deducted from the percentage due to said Tobin on the machines sold; provided always that the percentage above named amounts that year to the cost of two machines; and the said E. C. Byers hereby agrees to act as agent for the said Tobin upon the said terms and stipulations above set forth.   In witness whereof we have hereunto set our hands and seals this 23d day of November, A. D. 1869.

"Thos. H. Tobin. [seal]<br>
"E. C. Byers.    [seal]"

The defendant pleaded, first, that the note was obtained by the fraud of the payee, setting out the particulars; second, that the patent right was of no value, but was a cheat and a fraud, and that there was no consideration for the note.

A demurrer filed by the plaintiff to the paragraphs of the answer, on the ground that they did not state facts sufficient, was sustained as to the first, and overruled as to the second. Reply to the second paragraph of the answer by the general denial.

The cause was tried by jury, and there was a verdict for the plaintiffs.   A new trial was asked by the defendant, because, first, the verdict is not sustained by the evidence; second, it is contrary to law; third, the refusal of the court to allow the defendant to prove certain facts which he offered to prove, and set them out in writing, to which ruling the defendant excepted; fourth, the sustaining of the plaintiffs' demurrer to the first paragraph of the defendant's answer.

This motion was overruled, and final judgment rendered on the verdict for the plaintiff.

The errors assigned by the appellant are, first, that the

verdict of the jury was contrary to the evidence; second, the judgment of the court was contrary to the evidence and not sustained by the evidence; third, that the judgment of the court below was contrary to law and is not sustained by the law; fourth, the court erred in sustaining the plaintiffs' demurrer to defendant's answer; fifth, the court erred in refusing to allow the defendant to prove certain facts, which are set out in a bill of exceptions herein; and, sixth, the court erred in refusing a new trial.

The fourth and sixth assignments are the only ones which present any question to this court. The first, second, third, and fifth are merely the repetitions of reasons for a new trial, and are presented by the sixth assignment.

It is alleged in the first paragraph of the answer, to which a demurrer was sustained, that the defendant's signature to the note is genuine, but that it was procured by the fraud and skilful manipulations of the plaintiffs, in this way: The plaintiffs' agent, Thos. H. Tobin, was at the house of defendant, trying to sell him a patent machine for lifting hay, known as "Wm. H. Elliott's Hay Loading Device," the price of which, for use in the whole county of Warren, was two hundred dollars; but the defendant wholly and totally refused to buy said machine, and refused to give a note for the same, which said agent offered to take, payable one year after date. The said agent, Tobin, then appointed the defendant a special agent for said machine for the townships of Steuben and Jordan, in said county, and they entered into a written agreement to that effect, which is above set out; that by the terms of said agreement, it was made the duty of this defendant to sign a receipt for two hundred dollars, one of which was made out and stamped, and is filed herewith, and the printed signature of Thomas H. Tobin attached thereto at the bottom. To this receipt the agent aforesaid told the defendant that it was necessary for him also to sign his name. And so, after the arrangement was all made, and defendant sat down to sign his name, having before read all the papers, he signed said agreement and then put his name

to what he thought was the receipt that he had read; it and the note sued on both being printed blanks and having much the same general appearance; but instead of the receipt, the agent, fraudulently and with intent to cheat and procure the signature to a note, did slip the note sued on before the defendant, and he, without reading it, then put his name to it by mistake, which mistake was brought about by the fraud of the plaintiffs, through their agent; wherefore, etc.

Where a different instrument from that which the party supposes he is executing is fraudulently substituted by the other party to it, there can be no doubt but that this is fraud. The party does not do what he meant to do. He intended to sign one instrument, and by the fraud is made to sign another and different one. The answer in question setting up these facts constituted a valid defence to the action. 1 Chitty Pl. 483, note 1; *Van Valkenburgh* v. *Rouk*, 12 Johns. 337; *Taylor* v. *King*, 6 Munf. 358.

As to the evidence which may be introduced under such a pleading, when not verified, see *Unthank* v. *The Henry County Turnpike Co.*, 6 Ind. 125, and other cases following it; and that the pleading is good on demurrer as an answer, without being verified, see *Hill* v. *Jones*, 14 Ind. 389, and cases cited; *Wade* v. *Mussleman*, 14 Ind. 362; *McNeer* v. *Dipboy*, 14 Ind. 18.

We are referred by counsel for the appellees to the case of *Seeright* v. *Fletcher*, 6 Blackf. 380, and other cases, and it is insisted that the appellant should have read the instrument before signing it. But we think this case is not in point. The appellant alleges that he did read the instrument which he intended to sign, but that another was fraudulently substituted for it by Tobin. It is also contended that the appellee must have known, from the reading of the agreement, that it was a note, and not a receipt, which he was signing. But we do not think so. He was to pay the sum of two hundred dollars, and the agreement recites that that amount was paid in hand. If this was not true, and the money was not paid in hand, it does not appear that the appellant was

Byers *v.* Daugherty *et al.*

to execute a note for it.   He alleges that he supposed he was signing a receipt.

We proceed to examine the reasons for a new trial.   There is no ground for the first and second reasons.   The fourth is not a reason for granting a new trial, and we have already considered the question as to the sufficiency of the first paragraph of the answer.   The ground of the third reason for a new trial is this:  On the trial of the cause, the defendant offered to prove that, after he took the agency to sell machines in the townships in the agreement herein set forth, he went to Lafayette to J. K. Snyder, the manufacturer of said machines, and asked for and demanded them of the said Snyder, on the order of said Tobin, and that Snyder refused to let any go, and said he was not manufacturing any for Tobin, nor would he manufacture any for him unless he would pay for them in advance; and that there were no machines at the manufactory for Tobin on the order presented, nor would he manufacture any for him unless paid for in advance.   There was nothing in the answer filed by the defendant which justified the introduction of this evidence.   It was wholly immaterial to the issue formed.

We do not find, however, any stipulation in the agreement which we have set out by which Tobin was either to furnish the machines in question, or to allow them to be obtained from Snyder on his account.   It was agreed that Byers should be entitled to order and receive the machines at eighteen dollars each, but we think we must understand from the agreement that this price was to be paid by him. Hence we think, for this reason also, that the evidence offered was immaterial, and, therefore, properly excluded.

The judgment is reversed, with costs, and the cause remanded with instructions to overrule the demurrer to the first paragraph of the answer, and to permit the defendant to verify that paragraph, if he shall desire to do so, and for further proceedings.

*B. F. Gregory* and *J. Harper,* for appellant.

*J. McCabe,* for appellees.