No. 27,162.

THE AMERICAN NATIONAL BANK, *Appellant*, v. GUY S. MARSHALL et al., *Appellees.*

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Setting Aside Default—Discretion of Court.* The setting aside of a default judgment, under circumstances stated in the opinion, was within the sound discretion of the trial court.

2. REFORMATION OF INSTRUMENTS—*Grounds—Mistake of One Party Induced by Fraud of Other.* The mistake of one party to an instrument, if induced by the fraud of the other party, or parties, thereto will justify the reformation of the instrument.

3. SAME—*Sufficiency of Pleading—Including Negotiable Words in Note.* A petition examined and held that as against a demurrer, it states facts sufficient to authorize the reformation of a note not negotiable in form for the lack of words of negotiation so as to include such words.

4. SAME—*Evidence—Prior Parol Agreement.* In a suit to reform a note, testimony of the prior parol agreement with respect thereto is competent.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed February 12, 1927. Affirmed in part and reversed in part.

A. C. Malloy, R. C. Davis, Warren H. White and A. L. Oswald, all of Hutchinson, for the appellant.

Aaron Coleman, of Hutchinson, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal by plaintiff, (1) from an order setting aside a default judgment, and (2) from a later order striking material allegations from plaintiff's second amended petition.

The first question arises in this way: On July 1, 1925, defendant's demurrer to plaintiff's petition was overruled and defendant

Appeal and Error, 4 C. J. p. 840 n. 33. Evidence, 22 C. J. p. 1226 n. 50. Judgments, 34 C. J. p. 429 n. 79. Pleading, 31 Cyc. p. 616 n. 25. Reformation of Instruments, 34 Cyc. pp. 915 n. 84, 920 n. 7, 932 n. 5, 971 n. 33, 975 n. 53, 982 n. 25; 28 L. R. A. n. s. 851; 23 R. C. L. 331, 366.

was given twenty days to answer. On July 24, no answer having been filed, plaintiff called the case up and took judgment by default. Later in the day defendant learned the judgment had been taken and filed a motion to set aside the default judgment, for the reason, among others, "that the defendant's attorneys had talked with plaintiff's attorney regarding the kind of answer or pleading that would be filed and agreed to take it up together so as to simplify and get at the material issues at once." On July 25, and at the same term of court, this motion was heard. Both parties were represented by counsel. After hearing arguments and considering the matter the court found that the default judgment should be set aside and defendant permitted to answer, and entered an order accordingly. This is the order complained of. Passing the question whether this is an appealable order, we think it one within the sound discretion of the court, and that the order shows no abuse of such discretion.

The second question is not so easily disposed of. The suit is one to reform a note, which as written is nonnegotiable for the lack of words of negotiation required by statute (R. S. 52-201), so as to contain such words, and for judgment on the note as reformed. The petition, too long to copy in full, avers in substance: That plaintiff is a bank at Hutchinson; that defendant W. A. Montgomery was engaged in the business of buying and selling used automobiles, under the name of the Montgomery Motor Company; that he was heavily indebted to the bank, and had executed chattel mortgages and bills of sale to the bank upon his entire stock of automobiles, and that he was in fact insolvent; that he and the bank had an agreement that when he sold a car the terms of the sale would be communicated to the bank, and if satisfactory the bank would release its claim to the car and accept the payment, and if payment in part was made by the note of the purchaser such note was to be negotiable in form, made to Montgomery and indorsed to the bank, and that the bank should satisfy itself as to the financial soundness of the maker of the note; that Montgomery negotiated a sale of a certain car to one D. E. Pearson, who was to give a note for $700 in part payment; that he informed Pearson that the note would have to be satisfactory to the bank, and together they went to the bank where one of its officers explained fully to Pearson the method of doing the business, and upon investigating Pearson's financial ability declined to take the note of Pearson; that soon thereafter

Pearson and the defendant, Guy S. Marshall, went to the bank together, when the matter was again fully discussed; that Marshall represented that he was interested in seeing Pearson get the automobile, and that he would sign the note with Pearson as maker; that the bank investigated Marshall's financial ability and agreed to purchase the note from Montgomery if it were signed by Pearson and Marshall as makers. It is further alleged that for the purpose of defrauding the bank Marshall, Pearson and Montgomery used a note not negotiable in form (omitting the words "to order," or "to bearer," or other words of negotiation), signed by Pearson and Marshall as makers, payable to the Montgomery Motor Company, and procured it to be accepted by the bank under such circumstances that the omission of words of negotiability therein would not be, and was not, discovered by the bank. Marshall alone is defending, and it is alleged that he is the only one of the defendants who is financially responsible. His def nse is a counterclaim against Montgomery. This defense will defeat recovery on the note unless it is reformed to contain words of negotiation. The order of the court sustaining defendant's motion to strike removed from the petition all the allegations upon which plaintiff relied for a reformation of the note, and as to that branch of the case amounts to a ruling sustaining a demurrer to the allegations pertaining to reformation. Hence, the question presented to us is, Does the petition state facts constituting a cause for reformation? We must hold that it does.

While a unilateral mistake will not authorize reformation, the mistake of one party to the instrument, induced by the fraud of the other party, or parties, thereto, will justify reformation (*Cox v. Beard,* 75 Kan. 369, 89 Pac. 671).

Appellee concedes this principle of law, but contends that the allegations of fraud are insufficient for the reason that it is alleged that Marshall agreed to sign the "note" as maker—not that he agreed to sign a "negotiable note." We think the petition, fairly interpreted, alleges in effect that Marshall promised to sign a negotiable note. Moreover, the word "note," as ordinarily used in commercial transactions, means a note negotiable in form. Its use in our negotiable instruments law is so defined (R. S. 52-102). From the allegations of the petition this much, at least, seems clear, that the bank was permitting Montgomery to sell the automobile to Pearson only because of the fact that Marshall was to become personally liable to the bank for the amount of the note given.

Appellee contends that Marshall's promise, whatever it was, pertained to the future; that it did not relate to a past or an existing status, and hence would not amount to actionable fraud, citing *Kiser v. Richardson,* 91 Kan. 812, 139 Pac. 373. While that is the general rule, it is not the universal one (*Shriver v. National Bank et al.,* 117 Kan. 638, 232 Pac. 1062), and its application here would be inequitable. It is argued that plaintiff is here attempting to vary the terms of a written instrument by prior parol testimony. In equitable actions to reform written instruments to accord with the agreement of the parties, such testimony is competent (23 R. C. L. 366)—otherwise frequently meritorious reformations could not be made. We think the petition good as against a motion to strike, which amounts to a demurrer.

The order of the court setting aside the default judgment is affirmed; the order sustaining the motion to strike is reversed.