No. 29,631.

THE MID-WEST LUMBER COMPANY, *Appellee*, v. HATTIE WAGNER and NICK WAGNER, *Appellants*.

(300 Pac. 1067.)

Opinion filed July 3, 1931.

*E. H. Benson,* of Colby, for the appellants.
*W. H. Clark,* of Hoxie, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to collect a note and to reform and foreclose the real-estate mortgage securing it. The plaintiff prevailed. Defendant appeals.

The facts are as follows: In 1923 appellants purchased blocks 1 and 2 in Havice's addition to the city of Rexford. They paid $500 cash and gave a mortgage on the two blocks for $500. The entire addition comprises just three blocks. Block 1 is triangular in shape and contains six acres. Block 2 contains a little less than an acre and is just west of block 1. Block 3 contains about one acre and joins block 2 on the north. Blocks 2 and 3 are irregular in size and there is no street or alley running east and west between them.

Soon after appellants acquired title to blocks 1 and 2 they started the erection of a home. They thought they were building on block 2. Later it was discovered that in fact they had made a mistake and had actually built on block 3. The title to this piece of real estate was in a man named Alex Leach. Later appellants acquired title to this block.

The basis of the claim in this case is for lumber furnished by appellee out of which the house in question was built. A lumberman's lien was filed and a short time thereafter the note and mortgage in question were given. Appellants knew that the house was built on block 3, but appellee did not know this. Notwithstanding that fact, appellants allowed appellee to prepare the note and mortgage on blocks 1 and 2 and signed it knowing it covered these two blocks and did not cover the block where the house stood. The reformation asked is that the mortgage be reformed so as to cover block 3 as well as blocks 1 and 2. This conduct on the part of appellants was the basis of the prayer for reformation. The court below reformed the mortgage so as to make it cover block 3 and decreed a foreclosure.

At the trial there was no dispute as to the amount of the judgment and that it was a valid and binding obligation of appellants. The only dispute is as to the validity of the mortgage.

Appellants depend on three grounds to defeat the action:

1. That block 3 is their homestead, could not be alienated except by joint consent of husband and wife, and no such consent was had.

2. That at the time appellee filed this suit it had been divested of its interest in the real estate in question by the foreclosure of the mortgage given for the purchase of blocks 1 and 2, which has been referred to heretofore in this opinion. Appellee was a party to that foreclosure suit and did not appear and defend or set up its mortgage.

3. That the evidence and files in the case completely refute the idea that appellants were guilty of either deceit or fraud in the execution of the mortgage in question, or that there was any mutual mistake of the parties thereto.

The facts upon which appellants rely to sustain their first proposition are that the mortgage was signed by Mr. Wagner several days before it was signed by Mrs. Wagner. When she went to sign it she was asked if she was doing it of her own free will and accord. She answered that she was signing, but not of her own free will and accord. She said in effect that she was only signing because she was tired of being nagged by her husband. The court below refused to find that this constituted an involuntary signing on her part and we agree with that conclusion. We are unable to find any evidence of duress being exercised on Mrs. Wagner. Appellants urge that the fact that Mr. Wagner signed the mortgage several days before Mrs. Wagner prevents the giving of the mortgage from being the joint

act of Mr. and Mrs. Wagner. They cite a case where this court has held consent in such cases must be joint and simultaneous. (*Bank v. Duncan,* 87 Kan. 610, 125 Pac. 76, and cases cited.) They argue from these decisions that it is necessary that husband and wife should be side by side when a homestead is mortgaged. This contention was settled by this court in *Gas Co. v. Ralston,* 81 Kan. 86, 105 Pac. 430. There it was said:

"It is further claimed that the land was a homestead and the joint consent of the husband and wife was not obtained for a pipe-line right of way. The evidence can probably be so interpreted as to show a joint consent, both in point of time and intent. The wife consented and at the time she consented the husband had already consented and was then consenting, so that their consent joined in point of time, and their intent that the pipe line should occupy the land was identical. But whether or not this interpretation is justified by the evidence is not important, as there is evidence tending to show that the wife gave her consent, and upon this evidence the court found that she did consent. *There being some evidence to sustain this finding, it is conclusive here.*" (Italics ours.)

A further discussion of this subject and decision thereon is contained in *Ferguson v. Nuttleman,* 110 Kan. 718, 205 Pac. 365. In that case it was sought to hold a mortgage of a homestead invalid because it had been signed by the husband and wife at different times. The court said:

"Did Fred Nuttleman and Rose Nuttleman concurrently consent to the mortgage? Fred Nuttleman continuously consented to it from the time he signed it until it was delivered. He by letter requested his wife to sign it and she expressed her consent to it by signing it and returning it to him. There was thus the concurring consent of both. The mortgage was delivered by the husband under that joint or concurring consent. The contention of the appellees is untenable." (p. 721.)

We conclude that the first ground of complaint urged by appellants cannot be sustained.

The third reason urged why this judgment in the lower court is wrong is that the files, testimony and record in the case completely refute the idea that the appellants were at any time or place guilty of either deceit or fraud in the execution of the mortgage or that there was any mutual mistake by the parties thereto. It is urged that in order for a mortgage to be reformed on account of mutual mistake it must appear that both parties were mistaken as to the same fact. From this hypothesis they point out that while it is true that appellee was mistaken in that it thought that the mortgage that was given covered the real estate upon which the home

stood, the appellants did not have any such idea and knew that the mortgage only covered blocks 1 and 2 and that the house was on block 3. Hence appellants argue there was no mutual mistake. The question of fraud is disposed of by claiming that since the note and mortgage were prepared by agents of the appellee it was not the duty of appellants to see that the correct description was incorporated into the mortgage. It appears from the record that the lumber, which is the basis of this case, was bought by appellants and sold by appellee to be used in building a house which both parties thought was located on land owned by appellants. Soon after the debt was contracted appellants discovered their mistake and immediately acquired title in themselves to this land. Notwithstanding the discovery of this mistake, they gave appellee a mortgage which they knew was being required by appellee to make itself secure for the lumber that had gone into the house, which stood on land not covered by the mortgage. Taking these facts into consideration, we conclude that this is a case calling for the application of the rule laid down in *Cox v. Beard*, 75 Kan. 369, 80 Pac. 671. There the court said:

"The equitable remedy of reformation is not confined to cases of mutual mistakes. It is true that where mistake unmixed with fraud is a basis of the relief asked it must be a mistake common to both parties, but it is well settled that the remedy is available where there is a mistake on one side accompanied by fraud or other inequitable conduct on the other." (p. 371.)

See, also, *American Nat'l Bank v. Marshall*, 122 Kan. 793, 253 Pac. 214, and *Machinery Co. v. Schalansky*, 100 Kan. 562, 165 Pac. 289.

The trial court found the facts on this point substantially as stated herein and concluded that they were sufficient to warrant a judgment of reformation. We can see no error in that conclusion.

Appellants urge that the mortgage on blocks 1 and 2 had been foreclosed prior to the filing of this action; that appellee had notice of this suit; did not appear and judgment was taken against him and the land sold. They argue from this that appellee is forever barred from asserting any right under its mortgage, which was junior to the mortgage that was foreclosed. The trouble with that contention is that the mortgage that is questioned in this suit was on blocks 1 and 2 originally, but was reformed so as to make it create a lien upon block 3. The judgment of foreclosure in the case at bar was against block 3 only. This piece of real estate was not in

the .purchase-money mortgage. The only mortgage against it was the one that was foreclosed in this action.

Since all these things appear from the record, the judgment of the lower court is affirmed.